IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| ALLEN LEE HOLLIE, SR., | : | |
| | : | |
| Plaintiff | : | |
| | : | CASE NO. 5:21-cv-00347-TES-MSH |
| VS. | : | |
| | : | |
| PHYSICIAN ASSISTANT DURDEN[1], | : | |
| | : | PROCEEDINGS UNDER 42 U.S.C. §1983 |
| Defendant | : | BEFORE THE U. S. MAGISTRATE JUDGE |
| _____ | | |

**ORDER**

This case is currently before the United States Magistrate Judge for screening as required by the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915A(a). *Pro se* Plaintiff Allen Lee Hollie, Sr., a prisoner now incarcerated at Wheeler Correctional Facility in Alamo, Georgia filed the above-captioned 42 U.S.C. § 1983 claim regarding his previous incarceration in Washington State Prison in Davisboro, Georgia. ECF No. 1. He also filed a motion for leave to proceed *in forma pauperis* (ECF No. 2) which was granted with a deduction order and the provision that Plaintiff pay a partial initial filing fee (ECF Nos. 7 and 12).

---

[1] Plaintiff's original caption of his complaint read "Mrs. Durden, Physician Assistant, ET'AL, Washington State Prison Medical Personel". ECF No. 1 at 1. Upon further review of Plaintiff's complaint, the Court finds that Plaintiff's misinformed use of *et al.* was in error and there is only one Defendant, P.A. Durden, in this action and she so happens to be part of the "Washington State Medical Personnel". *See id*. at 1, 4-6. Plaintiff is advised to not utilize Latin and legal terminology if he does not understand the underlying meaning of those terms to avoid any other confusion during the pendency of this action or any other future legal action. The clerk of court is **DIRECTED** to remove "Washington State Prison Medical Personnel" as a Defendant.

Prison officials at Wheeler Correctional Facility began the deductions from Plaintiff's inmate account to pay the filing fee on this case prior to Plaintiff's payment of the partial initial filing fee. *See* ECF No. 14-1. This Court notes that it has not been the normal course of prisoner litigation for correctional facilities to begin deductions from inmate accounts prior to a plaintiff satisfying his obligation to pay a partial initial filing fee. However, filing fees are due upon the filing of a legal action and the initiation of the deductions prior to this Plaintiff's payment of the partial initial filing fee, although out of the ordinary, does not affect the continued obligation for this Plaintiff to pay the full filing fee through this Court's previous order (ECF No. 7). Plaintiff's regular deposits into his inmate account clearly indicate that Plaintiff is capable of paying the filing fee even if he has increased his commissary and other discretionary spending. *See Sellers v. United States*, 881 F.2d 1061, 1063 (11th Cir. 1989) (affirming district court's dismissal of Plaintiff's action for failure to pay an initial partial filing fee when trust fund statement showed Plaintiff received money regularly from family members and spent the money on "discretionary" items as opposed to paying the initial partial filing fee).

Plaintiff's motion for leave to proceed without payment of the partial initial filing fee (ECF No. 10) is **DENIED** as moot because payments toward the filing fee have been initiated by prison officials. Furthermore, because payments have been deducted toward the payment of the filing fee, this case is ripe for preliminary review. Upon such a review, Plaintiff may proceed with his deliberate indifference to a serious medical need claim against the Defendant for further factual development.

## PRELIMINARY REVIEW OF PLAINTIFF'S COMPLAINT

I.     Standard of Review

The Prison Litigation Reform Act ("PLRA") obligates the district courts to conduct a preliminary screening of every complaint filed by a prisoner who seeks redress from a government entity, official, or employee. *See* 28 U.S.C. § 1915A(a). Screening is also required under 28 U.S.C. § 1915(e) when the plaintiff is proceeding IFP. Both statutes apply in this case, and the standard of review is the same. When conducting preliminary screening, the Court must accept all factual allegations in the complaint as true. *Boxer X v. Harris*, 437 F.3d 1107, 1110 (11th Cir. 2006) *abrogated in part on other grounds by Wilkins v. Gaddy*, 559 U.S. 34 (2010); *Hughes v. Lott*, 350 F.3d 1157, 1159-60 (11th Cir. 2003). *Pro se* pleadings, like the one in this case, are "'held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed.'" *Hughes*, 350 F.3d at 1160 (citation omitted). Still, the Court must dismiss a prisoner complaint if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A(b).

A claim is frivolous if it "'lacks an arguable basis either in law or in fact.'" *Miller v. Donald*, 541 F.3d 1091, 1100 (11th Cir. 2008) (citation omitted). The Court may dismiss claims that are based on "'indisputably meritless legal'" theories and "'claims whose factual contentions are clearly baseless.'" *Id.* (citation omitted). A complaint fails to state a claim if it does not include "sufficient factual matter, accepted as true, to 'state a claim

3

to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  The factual allegations in a complaint "must be enough to raise a right to relief above the speculative level" and cannot "'merely create[] a suspicion [of] a legally cognizable right of action.'" *Twombly*, 550 U.S. at 555 (citation omitted).  In other words, the complaint must allege enough facts "to raise a reasonable expectation that discovery will reveal evidence" supporting a claim. *Id.* at 556.  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

To state a claim for relief under § 1983, a plaintiff must allege that (1) an act or omission deprived him of a right, privilege, or immunity secured by the Constitution or a statute of the United States; and (2) the act or omission was committed by a person acting under color of state law. *Hale v. Tallapoosa Cty.*, 50 F.3d 1579, 1582 (11th Cir. 1995).  If a litigant cannot satisfy these requirements or fails to provide factual allegations in support of his claim or claims, the complaint is subject to dismissal. *See Chappell v. Rich*, 340 F.3d 1279, 1282-84 (11th Cir. 2003).

II.     Plaintiff's Allegations

Plaintiff was a prisoner at Washington State Prison around May 2021.  ECF No. 1 at 5.  He states that Defendant Durden was a physician assistant at Washington State Prison during that time. *Id*. at 4-5.  Plaintiff was diagnosed with a "sever (sic) skin disorder called Folliclitis" while at Washington State Prison. *Id*. at 5.  Plaintiff avers that the "Dermatology gave Mrs Durden's, the Attending P.A., to order medications to help treat

Folliclitis". *Id*. Plaintiff claims that the Defendant did not order the medications for two months, and due to the delay, the Plaintiff's disease worsened causing him severe and/or permanent injury and scarring to his arms, back legs, stomach, and chest. *Id*. at 6. Plaintiff fears he may also have internal injuries. *Id*. Plaintiff seeks damages. *Id*. at 7.

### III.     Plaintiff's Claims

"It is well settled that the 'deliberate indifference to serious medical needs of prisoners constitutes the "unnecessary and wanton infliction of pain," proscribed by the Eighth Amendment.'" *McElligott v. Foley*, 182 F.3d 1248, 1254 (11th Cir. 1999) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)). "However, not 'every claim by a prisoner that he has not received adequate medical treatment states a violation of the Eighth Amendment.'" *Id*. (quoting *Estelle*, 429 U.S. at 105). To state a deliberate indifference to serious medical needs claim under the Eighth Amendment, "a plaintiff 'must satisfy both an objective and a subjective inquiry.'" *Valderrama v. Rousseau*, 780 F.3d 1108, 1116 (11th Cir. 2015) (quoting *Bozeman v. Orum*, 422 F.3d 1265, 1272 (11th Cir. 2005)). The objective inquiry may be met by showing an "objectively serious medical need," and the subjective inquiry may be met by showing "that the prison official acted with an attitude of 'deliberate indifference' to that serious medical need." *Farrow v. West,* 320 F.3d 1235, 1243 (11th Cir. 2003) (citing *Farmer v. Brennan,* 511 U.S. 825, 834 (1994) and *McElligott,* 182 F.3d at 1254 and *Campbell v. Sikes*, 169 F.3d 1353, 1363 (11th Cir. 1999)). A serious medical need is "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's

attention." *Hill v. Dekalb Reg'l Youth Det. Ctr.*, 40 F.3d 1176, 1187 (11th Cir. 1994) (quotation marks and citation omitted). Further, the condition must be one that would pose a "substantial risk of serious harm" if left unattended. *Farrow*, 40 F.3d at 1243. An official acts with deliberate indifference when he or she "knows of and disregards an excessive risk to inmate health and safety." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). Additionally, the disregard of risk must be "by conduct that is more than mere negligence." *Bingham v. Thomas*, 654 F.3d 1171, 1176 (11th Cir. 2011). "Conduct that is more than mere negligence includes: (1) grossly inadequate care; (2) a decision to take an easier but less efficacious course of treatment; and (3) medical care that is so cursory as to amount to no treatment at all." *Id.* A prison official "who delays necessary treatment for non-medical reasons may exhibit deliberate indifference." *Id.*

Plaintiff alleges that his untreated "Folliclitis" has led to "severe and/or permanent injury to his arms, legs, stomach, chest, and permanent scaring (sic) over most of Plaintiff's body". ECF No. 1 at 6. These allegations are arguably sufficient to show a serious medical need at this stage in the litigation. Furthermore, the Plaintiff claims that the Defendant became aware of Plaintiff's illness around May 2021and he/she was responsible for not providing the prescribed medication to treat his "Folliclitis". *Id.* at 5-6. At this stage in the litigation and considering the liberal construction the complaint must be afforded, the claim shall go forward against the Defendant for further factual development. *See e.g. Rhiner v. Sec'y, Fla. Dep't of Corrs.*, 696 F. App'x, 930 (11th Cir. 2017) (per curiam) (finding allegations that medical staff was aware of serious medical need and "failed to

act" sufficient to state Eighth Amendment claim); *Adams v. Poag,* 61 F.3d 1537, 1543-44 (11th Cir. 1995) (citing *Carswell v. Bay Cty.*, 854 F.2d 454, 457 (11th Cir. 1988)).

## ORDER FOR SERVICE

Having found that Plaintiff has made a colorable constitutional violation claim against the Defendant, it is accordingly **ORDERED** that service be made on this Defendant and that he file an Answer, or such other response as may be appropriate under Rule 12, 28 U.S.C. § 1915, and the Prison Litigation Reform Act. Defendants are reminded of the duty to avoid unnecessary service expenses, and of the possible imposition of expenses for failure to waive service pursuant to Rule 4(d).

## DUTY TO ADVISE OF ADDRESS CHANGE

During the pendency of this action, all parties shall keep the Clerk of this Court and all opposing attorneys and/or parties advised of their current address. Failure to promptly advise the Clerk of a change of address may result in the dismissal of a party's pleadings.

## DUTY TO PROSECUTE ACTION

Plaintiff is also advised that he must diligently prosecute his Complaint or face the possibility that it will be dismissed under Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute. Defendant is similarly advised that she is expected to diligently defend all allegations made against her and to file timely dispositive motions as hereinafter directed. This matter will be set down for trial when the Court determines that discovery has been completed and that all motions have been disposed of or the time for filing dispositive motions has passed.

## FILING AND SERVICE OF MOTIONS, PLEADINGS, AND CORRESPONDENCE

It is the responsibility of each party to file original motions, pleadings, and correspondence with the Clerk of Court. A party need not serve the opposing party by mail if the opposing party is represented by counsel. In such cases, any motions, pleadings, or correspondence shall be served electronically at the time of filing with the Court. If any party is not represented by counsel, however, it is the responsibility of each opposing party to serve copies of all motions, pleadings, and correspondence upon the unrepresented party and to attach to said original motions, pleadings, and correspondence filed with the Clerk of Court a certificate of service indicating who has been served and where (i.e., at what address), when service was made, and how service was accomplished.

## DISCOVERY

Plaintiff shall not commence discovery until an answer or dispositive motion has been filed on behalf of the Defendant from whom discovery is sought by the Plaintiff. The Defendant shall not commence discovery until such time as an answer or dispositive motion has been filed. Once an answer or dispositive motion has been filed, the parties are authorized to seek discovery from one another as provided in the Federal Rules of Civil Procedure. The deposition of the Plaintiff, a state/county prisoner, may be taken at any time during the time period hereinafter set out provided prior arrangements are made with his custodian. **Plaintiff is hereby advised that failure to submit to a deposition may result in the dismissal of his lawsuit under Rule 37 of the Federal Rules of Civil Procedure.**

IT IS HEREBY ORDERED that discovery (including depositions and the service of written discovery requests) shall be completed within 90 days of the date of filing of an answer or dispositive motion by the Defendant (whichever comes first) unless an extension is otherwise granted by the court upon a showing of good cause therefor or a protective order is sought by the defendant and granted by the court.  This 90-day period shall run separately as to Plaintiff and Defendant beginning on the date of filing of Defendant's answer or dispositive motion (whichever comes first). The scheduling of a trial may be advanced upon notification from the parties that no further discovery is contemplated or that discovery has been completed prior to the deadline.

Discovery materials shall not be filed with the Clerk of Court.  No party shall be required to respond to any discovery not directed to him/her or served upon him/her by the opposing counsel/party.  The undersigned incorporates herein those parts of the **Local Rules** imposing the following limitations on discovery:  except with written permission of the court first obtained, **interrogatories** may not exceed TWENTY-FIVE (25) to each party, **requests for production of documents and things** under Rule 34 of the Federal Rules of Civil Procedure may not exceed TEN (10) requests to each party, and **requests for admissions** under Rule 36 of the Federal Rules of Civil Procedure may not exceed FIFTEEN (15) requests to each party.  No party shall be required to respond to any such requests which exceed these limitations.

## REQUESTS FOR DISMISSAL AND/OR JUDGMENT

The Court shall not consider requests for dismissal of or judgment in this action,

absent the filing of a motion therefor accompanied by a brief/memorandum of law citing supporting authorities. Dispositive motions should be filed at the earliest time possible, but in any event no later than one hundred - twenty (120) days from when the discovery period begins unless otherwise directed by the Court.

    **SO ORDERED and DIRECTED**, this 22nd day of February 2022.

                                             /s/ Stephen Hyles
                                             UNITED STATES MAGISTRATE JUDGE