IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| ALLEN LEE HOLLIE, SR, | : | |
| | : | |
| Plaintiff, | : | |
| v. | : | Case No: 5:21-cv-347-TES-MSH |
| | : | |
| PHYSICIAN ASSISTANT DURDEN, | : | |
| | : | |
| Defendant. | : | |
| _____ | : | |

## **ORDER**

Pending before the Court is Plaintiff's motion to appoint counsel (ECF No. 18). This is Plaintiff's second request for court-appointed counsel (ECF No. 4). The Court denied Plaintiff's first request, finding "[t]he applicable legal doctrines in Plaintiff's claims are readily apparent, and the Court has not imposed any procedural requirements which would limit Plaintiff's ability to present his case." Order 4, Oct. 28, 2021, ECF No. 7. Plaintiff now claims that appointed counsel is necessary to conduct discovery, assist in litigating his claims while incarcerated, and prepare for trial. Pl.'s 2d Mot. to Appoint Cons. 1-3, ECF No. 18.

A district court "may request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1). There is, however, "no absolute constitutional right to the appointment of counsel" in a § 1983 lawsuit. *Poole v. Lambert*, 819 F.2d 1025, 1028 (11th Cir. 1987) (per curiam). Appointment of counsel is "instead a privilege that is justified only by exceptional circumstances, such as where the facts and legal issues are so novel or complex as to require the assistance of a trained practitioner." *Id.* In determining

whether a case presents exceptional circumstances, the Court considers

> (1) the type and complexity of the case; (2) whether the plaintiff is capable of adequately presenting his case; (3) whether the plaintiff is in a position to adequately investigate the case; (4) whether the evidence "will consist in large part of conflicting testimony so as to require skill in the presentation of evidence and in cross examination"; and (5) whether the appointment of counsel would be of service to the parties and the court "by sharpening the issues in the case, shaping the examination of witnesses, and thus shortening the trial and assisting in a just determination." The District Court may also inquire into whether the plaintiff has made any effort to secure private counsel.

*DeJesus v. Lewis*, 14 F.4th 1182, 1204-05 (11th Cir. 2021) (quoting *Ulmer v. Chancellor*, 691 F.2d 209, 213 (5th Cir. 1982)).

The Court has considered Plaintiff's most recent motion and—after applying the factors set forth above—concludes that appointed counsel is, again, not justified. Plaintiff has failed to present any extraordinary circumstances justifying the appointment of counsel in this case and has continued to file motions and briefs sufficiently setting out his contentions to allow review by the Court. Further, the fact that Plaintiff needs to conduct discovery is not—by itself—an exceptional circumstance prompting the need for appointed counsel. Discovery is a normal part of litigation. Plaintiff, "like any other litigant[], undoubtedly would [be] helped by the assistance of a lawyer, but [his] case is not so unusual" that appointed counsel is necessary. *Bass v. Perrin*, 170 F.3d 1312, 1320 (11th Cir. 1999). Accordingly, Plaintiff's motion seeking appointed counsel (ECF No. 18) is **DENIED**.

SO ORDERED, this 28th day of March, 2022.

/s/ Stephen Hyles
UNITED STATES MAGISTRATE JUDGE