IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| ALLEN LEE HOLLIE, SR., *Plaintiff,* v. Physician Assistant DURDEN, *Defendant.* | CIVIL ACTION NO. 5:21-cv-00347-TES-MSH |

ORDER

At the time the Court adopted the United States Magistrate Judge' Report and Recommendation ("R&R") [Doc. 36] regarding Plaintiff Allen Lee Hollie, Sr.'s, Motion for Preliminary Injunction [Doc. 29] and Defendant Debra Durden's Motion for Summary Judgment [Doc. 30], it had not received an objection from either party. *See* [Doc. 37]. However, less than a week after the Clerk of Court entered Judgment [Doc. 38], the Court received what Plaintiff entitled: "Motion in Objection to Recommendation" [Doc. 39]. [Doc. 39, pp. 1–4]. Although Plaintiff's filing, dated November 22, 2022, may be considered timely under the prison mailbox rule[1] for the

---

[1] "Under the 'prison mailbox rule,' a pro se prisoner's court filing is deemed filed on the date it is delivered to prison authorities for mailing." *Daker v. Comm'r, Ga. Dep't of Corrs.*, 820 F.3d 1278, 1286 (11th Cir. 2016) (quoting *Williams v. McNeil*, 557 F.3d 1287, 1290 n.2 (11th Cir. 2009)). "Absent evidence to the contrary," we "assume that [the prisoner's filing] was delivered to prison authorities the day he signed it." *Daker*, 820 F.3d at 1286 (quoting *Washington v. United States*, 243 F.3d 1299, 1301 (11th Cir. 2001)).

purpose of objecting to the magistrate judge's R&R, it falls woefully short of convincing the Court that the magistrate judge's merits-based recommendation was erroneous or contrary to law. *United States v. Schultz*, 565 F.3d 1353, 1361 (11th Cir. 2009); [Doc. 39, p. 4]. This filing is the first time Plaintiff calls the district judge's attention to his requests for appointed counsel. Plaintiff argues that the magistrate judge's rulings denying his request for appointed counsel "denied [him] due process and equal protection rights[.]" [Doc. 39, p. 1]; [Doc. 7, pp. 3–4 (first citing *Wahl v, McIver*, 773 F.2d 1169, 1174 (11th Cir. 1986) and then citing *Holt v. Ford*, 682 F.2d 850, 853 (11th Cir. 1989))].

Plaintiff contends that a 2016 Social Security Administration's determination that he his "disabled under the Social Security law" entitles him to the appointment of counsel. [Doc. 39-1, p. 1]. When he initially made a request for appointed counsel, Plaintiff presented that same basis to the magistrate judge for consideration. [Doc. 4, p. 2]; [Doc. 7, pp. 3–4]. After the magistrate judge denied his initial request, Plaintiff did not object to that nondispositive ruling under Federal Rule of Civil Procedure 72(a). Similarly, when the magistrate judge denied Plaintiff's second and third requests for appointed counsel, Plaintiff never made any objection seeking district-judge review of any of those three nondispositive rulings. *See, e.g.*, [Doc. 18]; [Doc. 19]; [Doc. 33]; [Doc. 34]. And, pursuant to Rule 72(a), "[a] party may not assign as error a defect in [an] order not timely objected to." Fed. R. Civ. P. 72(a).

Notably, the magistrate judge's R&R does not make any recommendation or

ruling with respect an appointment of counsel. *See generally* [Doc. 36]. Thus, Plaintiff's arguments to the district judge concerning his requests for appointed counsel—based on this case's procedural history—are untimely. Fed. R. Civ. P. 72(a).

**SO ORDERED**, this 5th day of December, 2022.

S/ Tilman E. Self, III  
**TILMAN E. SELF, III, JUDGE**  
**UNITED STATES DISTRICT COURT**